**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO JAVIER MUNOZ-HERNANDEZ,<br><br>            Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>            Respondent. | No.    13-74384<br><br>Agency No. A096-342-923<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Armando Javier Munoz-Hernandez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") order denying his motion to reopen

removal proceedings conducted in absentia.  Our jurisdiction is governed by 8

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

          **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review de novo questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

Contrary to Munoz-Hernandez' contention, the BIA did not fail to address his contention that reopening was warranted because he lacked  notice of his hearing under 8 C.F.R. § 1003.23(b)(4)(ii) and 8 U.S.C. § 1229a(b)(5)(C)(ii).  In Munoz-Hernandez' notice of appeal to the BIA, he noted that an "IJ has the power to grant a motion to reopen without regard to time limits on the filing if the bases of the motion is to rescind an order of removal entered in absentia pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii)."  Munoz-Hernandez did not, however, raise the issue of notice in his brief to the BIA.  When a petitioner files a brief in his appeal, he will be "deemed to have exhausted only those issues he raised and argued in his brief before the BIA."  *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).  Because Munoz-Hernandez did not exhaust this claim, the BIA did not err in not addressing it.  Relatedly, we lack jurisdiction to consider the merits of this unexhausted contention.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

13-74384

We lack jurisdiction to review the agency's discretionary decision not to reopen sua sponte, and Munoz-Hernandez cites to no authority that the agency is required to consider the absence of a timely opposition from the government. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-74384